UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HAMMOND DDGAS, LLC,

    Plaintiff,

v.                                                Case No. 3:23-cv-1332-MMH-LLL

AUTO-OWNERS INSURANCE CO.,

    Defendant.

## O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Response to Defendant's Amended Motion to Dismiss Plaintiff's Complaint and Motion to Stay Proceedings (Doc. 23; Response), filed on December 15, 2023. In this document, Plaintiff requests two forms of affirmative relief. First, as indicated by the title, Plaintiff includes a request to stay the proceedings in its response to Defendant's Amended Motion to Dismiss Plaintiff's Complaint (Doc. 9; Motion). See Response at 6. Separately, Plaintiff requests in the alternative to the denial of Defendant's Motion that the Court "grant Plaintiff leave to file an Amended Complaint." Id. at 12. These requests for affirmative relief do not comply with Local Rule 3.01(g), Local Rules, United States District Court, Middle District of Florida (Local Rule(s)), which requires the movant to certify that it has

conferred with the opposing party in good faith to resolve the motion. Accordingly, both requests for affirmative relief are due to be denied without prejudice to Plaintiff's filing of a proper motion which complies with all applicable rules.

In addition to its lack of compliance with Local Rule 3.01(g), Plaintiff's alternative request for leave to amend is also improper because it is not part of a separate motion and it does not set forth the substance of any proposed amendment. Pursuant to Rule 7 of the Federal Rules of Civil Procedure, and Eleventh Circuit precedent, a request for affirmative relief must be presented to the Court in a motion. See Fed. R. Civ. P. 7(b) ("A request for a court order must be made by motion."). Thus, a request for affirmative relief, such as a request for leave to amend a pleading, is not properly made when simply included in a response to a motion. See Rosenberg v. Gould, 554 F.3d 962, 965 (11th Cir. 2009) ("'Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly.'" (quoting Posner v. Essex Ins. Co., 178 F.3d 1209, 1222 (11th Cir. 1999))); Davidson v. Maraj, 609 F. App'x 994, 1002 (11th Cir. 2015) ("It has long been established in this Circuit that a district court does not abuse its discretion by denying a general and cursory request for leave to amend contained in an

opposition brief." (citations omitted)).[1]  Indeed, "the proper method to request leave to amend is through filing a motion, and such motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment." Burgess v. Religious Tech. Ctr., Inc., 600 F. App'x 657, 665 (11th Cir. 2015) (citing Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999)); see also Newton v. Duke Energy Fla., LLC, 895 F.3d 1270, 1277 (11th Cir. 2018) ("When moving the district court for leave to amend its complaint, the plaintiff must 'set forth the substance of the proposed amendment or attach a copy of the proposed amendment' to its motion." (quoting Cita Tr. Co. AG v. Fifth Third Bank, 879 F.3d 1151, 1157 (11th Cir. 2018))); McGinley v. Fla. Dep't of Highway Safety and Motor Vehicles, 438 F. App'x 754, 757 (11th Cir. 2011) (affirming denial of leave to amend where plaintiff did not set forth the substance of the proposed amendment).  This makes sense because without knowing the substance of a plaintiff's proposed amendment, a court would be unable to determine whether the plaintiff could amend the complaint to cure a defective claim. See U.S. ex rel. Atkins v. McInteer, 470 F.3d 1350, 1362 (11th Cir. 2006) ("[A] plaintiff should not be allowed to amend [its]

---

[1] The Court does not rely on unpublished opinions as binding precedent, but they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

complaint without showing how the complaint could be amended to save the meritless claim." (internal quotation marks and citation omitted)). Thus, to the extent Plaintiff seeks leave to file an amended complaint, that request is not properly before the Court.

As such, Plaintiff is advised that, if it believes a more carefully drafted complaint would cure any alleged deficiency identified by Defendant in its Motion, Plaintiff is required to file an appropriate motion for leave to amend its Complaint in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.[2] Significantly, Plaintiff cannot await the Court's ruling on the motion to dismiss before properly seeking leave to amend. See Avena v. Imperial Salon & Spa, Inc., 740 F. App'x 679, 683 (11th Cir. 2018) (stating that the Eleventh Circuit has "rejected the idea that a party can await a ruling on a motion to dismiss before filing a motion for leave to amend") (citing Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 (11th Cir. 2002)). Plaintiff is further cautioned that in the event the Court determines that Defendant's Motion seeking dismissal for failure to state a claim is due to be granted, and Plaintiff has not filed a proper motion requesting leave to amend, any such dismissal likely would be with prejudice. See Eiber Radiology, Inc. v.

---

[2] In making this observation, the Court expresses absolutely no opinion on the merit of Defendant's arguments. Indeed, the Court has not yet undertaken a review of the substantive arguments. Rather, as is this Court's custom, the Court simply addresses the procedural posture of the case in an abundance of caution.

4

Toshiba Am. Med. Sys., Inc., 673 F. App'x 925, 929–30 (11th Cir. 2016) (noting that a dismissal for failure to state a claim under Rule 12(b)(6) ordinarily acts as a dismissal with prejudice and affirming the refusal to give a plaintiff a "second bite at [the] apple" where the plaintiff "inexplicably failed to follow the well-trodden procedural path toward amendment"); see also Wagner, 314 F.3d at 542 ("A district court is not required to grant a plaintiff leave to amend [its] complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court."); Long, 181 F.3d at 1279-80 (holding that a plaintiff's failure to properly request leave to amend "preclude[d] the plaintiff's argument on appeal that the district court abused its discretion by denying her leave to amend her complaint"); Davidson, 609 F. App'x at 1002 ("Under our case law, Davidson's request for leave to amend was insufficient as a matter of law and the district court did not abuse its discretion in denying it."); Cita, 879 F.3d at 1157 (holding that the plaintiff had failed to properly move to amend its complaint where "[a]ll [the plaintiff] did was, in the conclusion of its response in opposition to Fifth Third's motion to dismiss the complaint, alternatively request dismissal without prejudice so that it could amend the complaint").

Accordingly, it is

**ORDERED**:

5

To the extent that it requests affirmative relief from the Court, Plaintiff's Response to Defendant's Amended Motion to Dismiss Plaintiff's Complaint and Motion to Stay Proceedings (Doc. 23) is **DENIED without prejudice** to filing a legally sufficient motion that complies with the Federal Rules of Civil Procedure and the Local Rules of this Court.

**DONE AND ORDERED** in Jacksonville, Florida, on December 19, 2023.

*[Signature]*
MARCIA MORALES HOWARD
United States District Judge

lc31
Copies to:
Counsel of Record